## GOODRICH vs. STEWART.

Costs in slander of title. The plaintiff declared that on, &c. she was seized in her demesne as of fee as of a good, sure and indefeasible estate of inheritance in fee simple of, in and to a certain lot of land situate, &c.; that the defendant, well knowing the premises, but contriving, &c. to bring the title of the plaintiff in and to the said lot into dispute and disrepute, and to injure and destroy the credit and ability of the plaintiff to pay certain monies, falsely and maliciously caused to be printed and published a certain advertisement, offering the lot for sale as the property of one John I. Tappen, (setting forth a sheriff's advertisement, whereby the premises were offered for sale by the sheriff, by virtue of an execution against one John I. Tappen, as the property of Tappen.) Special damage was also averred in the declaration. The defendant pleaded *non. cul.*, and on the trial of the cause the plaintiff recovered a verdict for six cents damages and six cents costs. The defendant asked for costs.

*In an action of slander of title the plaintiff is entitled to full costs though the recovery be less than $50.*

*R. S. Street*, for defendant. The plaintiff not having recovered above the sum of $50, but in fact only six cents, must pay costs to the defendant. The case is not within any of the exceptions of the *fourth* section of the act concerning costs, (1 R. L. 344.) A certificate of the judge was not given that the title to land came in question, which is the only evidence the court will look to. (2 Caines, 221. 11 Johns. R. 405.) The suit might have been brought in a justice's court.

Nor does the case come within the *sixth* section of the act limiting the plaintiff's costs to the amount of the damages recovered, even if considered an action of slander of title. (Tidd's Pr. 878, and cases cited.)

*A. C. Niven*, for plaintiff. The first section of the act concerning costs, gives costs in any action where damages are recovered. The fourth section, which gives costs to the defendant unless the plaintiff recovers above $50, excepts actions in which the title to lands comes in question, and also actions of slander. Here the title was in question; and from the nature of the action, the certificate of the judge was unnecessary. The action also is for slander, which is a generic term, and includes libel and slander of title as well as slanderous words. In an action for a libel, where the plaintiff recovered only $7, full costs were allowed to the plaintiff. (1 Cowen, 415.) The plaintiff is not limited in his costs to the amount of his recovery in damages. The sixth section of the act provides only for actions of assault and battery and for slanderous words, and does not apply to an action for slander of title. (Cro. Car. 140, 1. Bacon's Abr. tit. Costs.) Actions of slander, and actions in which the title to lands comes in question, are not within the jurisdiction of justices' courts.

*By the Court*, SAVAGE, Ch. J. The *fourth* section of the act concerning costs subjects a plaintiff in a personal action to costs unless he recovers $50, but it excepts the action of *slander*, and certain other actions. In an action for *slanderous words*, if the damages are assessed under $50, the plaintiff, by the *sixth* section of the act, can recover no more costs than damages. This section, however, is limited to the species of slander specified in it, and does not extend to libels or to slander of title. (Cro. Car. 140. Willes, 438. 2 Tidd, 878.) We have accordingly held, where a plaintiff in an action for a libel recovered less than $50, that he was entitled to full costs, (1 Cowen, 415;) and upon the same principle the plaintiff here is entitled to full costs. This was an action of slander coming within the proviso of the fourth section; consequently, under the first section of the act giving costs in every action where damages are recovered, the plaintiff is entitled to costs; and not being deprived of them by the fourth section, nor limited in their amount by the sixth section, he is entitled to full costs.

Nor does the *justice's* court act interfere with this conclusion. This act, (Statutes, vol. 6, c. 294, § 33,) denies costs to a plaintiff failing to recover in a court of record a sum exceeding $50, provided the suit might have been brought before a justice. This action could not have been commenced before a justice, because *slander* is expressly excepted from the actions in which jurisdiction is given to justices. (§ 1, p. 280.) The motion of the defendant for costs must therefore be denied.

*Motion denied.*